## A92A1838. HAYES v. THE STATE.

### (428 SE2d 425)

BLACKBURN, Judge.

The appellant pled guilty to and was convicted of kidnapping with bodily injury in DeKalb County and his conviction was affirmed by this court in *Hayes v. State*, 190 Ga. App. XXVIII (1989). On appeal, he asserts as error the trial court's denial of his discovery request.

Since the appellant's conviction, he has made several motions for the production of documents to the DeKalb County Superior Court. On June 8, 1989, the court ordered the clerk of court to provide the appellant with copies of the transcript as well as other documents contained in the court files pursuant to one of the motions filed by the appellant. Copies of all transcripts and documents were mailed to the appellant on June 23, 1989. In 1991, the appellant filed a petition for habeas corpus relief in the Superior Court of Ware County, the county in which he was detained, against several governmental entities and officials, including the State of Georgia and the DeKalb County Superior Court. The appellant subsequently served upon the Superior Court of DeKalb County a "Motion to Compel Production of Documents" in connection with his habeas petition, seeking an "order" to compel all of the respondents in the habeas corpus petition to comply with his previous discovery requests. The DeKalb County Superior Court denied the request, declaring that all matters contained within the appellee's files had been previously released to the appel-

lant. This appeal followed.

The appellant contends that the trial court erred in failing to compel all of the respondents in the habeas corpus action to comply with his discovery requests and in determining that it had provided all of the necessary documents to him for post-conviction relief. However, the appellant has attempted to directly appeal the trial court's response to his request for discovery under OCGA § 5-6-34 (a), but the order of the DeKalb County Superior Court in response to his request for discovery was not an appealable "order" from the court in which his habeas petition was pending and from which a direct appeal may lie. There has not been an order issued from the Ware County Superior Court compelling the discovery of these materials. Further, even if the order had been from the Ware County Superior Court, the appeal would be dismissed because the appellant failed to obtain a certificate of immediate review as required by OCGA § 5-6-34 (b). As this court held in *Rogers v. Dept. of Human Resources*, 195 Ga. App. 118, 119 (392 SE2d 713) (1990), an order denying discovery "is premature in the absence of a certificate of immediate review." The appellant did not comply with the requirements of OCGA § 5-6-34 and consequently, his appeal must be dismissed.

*Appeal dismissed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1993.

Joe V. Hayes, *pro se.*

Robert E. Wilson, District Attorney, Elizabeth W. Morn, *Assistant District Attorney*, for appellee.